**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GOVERNMENT EMPLOYEES HOSPITAL ASSOCIATION and DISTRICT COUNCIL 37 HEALTH AND SECURITY PLAN TRUST, individually and on behalf of all others similarly situated,<br><br>    Plaintiff<br><br>v.<br><br>SERONO INTERNATIONAL, S.A., SERONO LABORATORIES, INC., SERONO, INC., RJL SYSTEMS, INC., AND RUDOLPH J. LIEDTKE,<br><br>    Defendants | CA. No. 05-CV-11935 (PBS) |
| EUGENE FRANCIS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff<br><br>v.<br><br>SERONO LABORATORIES, INC., SERONO, INC., RJL SYSTEMS, INC., AND RUDOLPH J. LIEDTKE,<br><br>    Defendants. | C.A. No. 06-CV-10613 (PBS) |

**MOTION FOR ORDER REQUIRING CLASS COUNSEL TO
SERVE SUBPOENAS IN FURTHERANCE OF CLASS CLAIMS**

    1.    Plaintiffs Government Employees Hospital Association ("GEHA"),

District Council 37 Health & Security Plan Trust ("DC 37 Plan"), and Eugene Francis

("Francis"), individually and on behalf of all others similarly situated (collectively,

"Plaintiffs"), respectfully request that this Court issue an order requiring Plaintiffs, through Class Counsel, to issue subpoenas to specified pharmacies to provide to the court appointed claims administrator in this action, Complete Claims Solution, Inc. ("CCS"), the names, last known addresses, and amounts paid by purchasers of the drug Serostim. A proposed order, including the names of the pharmacies to which the subpoenas shall be issued, is annexed hereto.  As grounds, Plaintiffs state as follows:

2. At the May 15, 2007 Status Conference in this case, the Court directed class counsel to seek to provide additional claims information concerning the settlement of this action to Consumer Class Members.  The Court expressed its sensitivity to the unique social and economic aspects attendant to disclosure of HIV/AIDS status, and acknowledged the existence of statutes and regulations that limit the disclosure of the identity of HIV/AIDS victims, but determined that the rate of consumer claims submissions to date compelled that additional efforts to provide claims information to Consumer Class Members be made.

3. Class counsel advised the Court that in *In re Relafen*, Master File No. 01-CV-12239-WGY (D. Mass), Judge Young ordered plaintiffs to issue subpoenas to retail and mail order pharmacies to provide contact information for consumer purchasers of Relafen to CCS, which also served as the claims administrator in that case.  The Court ordered Class Counsel to seek to implement a similar program in this case.

4. Class Counsel calls to the Court's attention certain provisions of the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d et seq. ("HIPPA"), that prohibit disclosure of Protected Health Information as defined under HIPPA, *see* 45 C.F.R. § 164.501 et seq., but also certain regulations pursuant to which

the Court may order disclosure of such information.  Of note, these regulations provided the authority for the Court-ordered pharmacy subpoena project in *In re Relafen*, and were specifically referenced in the court's order permitting subpoenas to be issued in that case.

5. Under 45 C.F.R. § 164.512(e)(1), to subpoena the names and addresses of Consumer Class Members from the pharmacies, it is necessary for the Court to issue an order directing that subpoenas be issued and protecting the information produced in response to the subpoenas.. The names and addresses of the patients clearly constitute Protected Health Information within the meaning of HIPPA.

6. HIPAA generally protects the confidentiality of Protected Health Information, but provides mechanisms for disclosure of such information when necessary and if sufficiently protected from improper use. 45 C.F.R. § 164.502(a).  In particular, the HIPAA regulations allow for release of information if the request is made through or pursuant to a court order. *See* 45 C.F.R. § 164.512(e)(1)(i).[1]

7. A subpoena may also be used so long as a "qualified protective order" is in place or has been sought, which prohibits the use or disclosure of the information outside the litigation and requires the return or destruction of the information at the end

---

[1]   (e) Standard: disclosures for judicial and administrative proceedings.

(1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:

(i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order.

45 C.F.R. § 164.512(e). *See also* the explanation of the Rule by the Department of Health and Human Services at 65 Fed. Reg. 82529 (Dec. 28, 2000) ("[W]e permit covered entities to disclose protected health information in a judicial or administrative proceeding if the request for such protected health information is made through or pursuant to an order from a court or administrative tribunal.").

of the litigation. *See* 45 C.F.R. § 164.512(e)(I)(ii); *Northwestern Memorial Hosp.* v. *Ashcroft,* 362 F.3d 923, 925 (7th Cir. 2004).[2]

      8.      Class Counsel has advised the Court of the existence of state statutes that regulate the disclosure of personal identifying information of HIV/AIDS patients, *see e*.g., Ca. Health & Safety Code § 120980, liability and civil penalties for negligent disclosure resulting in "economic, bodily, or psychological harm," as well as the potential dangers of unintentional misdirection of communications intended for Consumer Class Members.  Class counsel respectfully has not determined whether the Court's authorization under § 164.502(a) also authorizes disclosure of personal identifying information of HIV/AIDS patients under the state statutes.

      9.      The proposed order submitted by Class Counsel seeks to protect the privacy interests of Consumer Class Members while, at the same time, facilitate the distribution of settlement funds to Consumer Class Members.  The proposed order requires the issuance of subpoenas to pharmacies to disclose the names and addresses of all persons who paid for Serostim during the class period, and the amounts they paid.  It orders that the information disclosed be used only for the purpose of contacting

---

[2]    (v) For purposes of paragraph (e)(l) of this section, a *qualified protective order* means, with respect to protected health information requested under paragraph (e)( I )(ii) of this section, an order of a court or of an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding that:

        (A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

        (B)    Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

45 C.F.R. § 164.512(e)(I)(ii).

Consumer Class Members.  The proposed order also provides that the data will be destroyed after the case is closed.  Further, although not required by HIPAA rules, Class Counsel intends to further protect the data by having it delivered only to CCS. [4]  Such an order is meets the privacy requirements of the HIPAA and accommodates the privacy concerns of Consumer Class Members. *See also Northwestern Memorial Hosp., supra; Law* v. *Zuckerman,* 307 F. Supp. 2d 705, 708 (D. Md. 2004).

10. At the Status Conference, the parties and Court discussed whether Consumer Class Members should be sent settlement information, or settlement payments.  Given that the settlement covers Serostim payments that were made over 10 years ago, the presumed mobility of Consumer Class Members over the Class Period, and the statistical mortality rate of Consumer Class Members, Class Counsel recommends that the decision whether to send information or payments be deferred to the next status conference, scheduled for June 19, 2007.

WHEREFORE, Plaintiffs respectfully request that Plaintiffs' Motion to Require Class Counsel to Serve Subpoenas in Furtherance of Class Notice be granted, and such other relief as the Court deems just and proper.

Respectfully submitted,

By **/s/ David S. Nalven**
Thomas M. Sobol
David S. Nalven
One Main Street, Fourth Floor
Cambridge, MA  02142
(617) 482-3700

---

[4] Both the Claims Administrator and any mail house will also be bound to the HIPAA requirements pursuant to a "Business Associates" agreement as provided for in the rule. *See* 45 C.F.R. § l64.504(e).

>Steve W. Berman
>HAGENS BERMAN SOBOL SHAPIRO LLP
>1301 Fifth Avenue, Suite 2900
>Seattle, WA 98101
>(206) 623-7292
>
>*Attorneys for Plaintiffs Government Employees Hospital Association, District Council Health and Security Plan Trust, Eugene Francis, and the Class*
>
>Lance A. Harke
>Howard M. Bushman
>HARKE & CLASBY LLP
>155 S. Miami Ave., Suite 600
>Miami, FL 33130
>(305) 536-8220
>
>*Attorneys for Plaintiff Eugene Francis and the Class*

Dated: May 19, 2007

## CERTIFICATE OF SERVICE

    I, David S. Nalven, hereby certify that I am one of plaintiffs' attorneys and that, on May 19, 2007, I caused copies of the papers annexed hereto to be served on all counsel of record in this proceeding via CM/ECF filing and electronic mail.

>   /s/ David S. Nalven

Dated: May 19, 2007