UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GOVERNMENT EMPLOYEES HOSPITAL ASSOCIATION and DISTRICT COUNCIL 37 HEALTH AND SECURITY PLAN TRUST, individually and on behalf of all others similarly situated,<br><br>    Plaintiff<br><br>v.<br><br>SERONO INTERNATIONAL, S.A., SERONO LABORATORIES, INC., SERONO, INC., RJL SYSTEMS, INC., AND RUDOLPH J. LIEDTKE,<br><br>    Defendants | CA. No. 05-CV-11935 (PBS) |
| EUGENE FRANCIS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff<br><br>v.<br><br>SERONO LABORATORIES, INC., SERONO, INC., RJL SYSTEMS, INC., AND RUDOLPH J. LIEDTKE,<br><br>    Defendants. | C.A. No. 06-CV-10613 (PBS) |

### [PROPOSED] ORDER REQUIRING CLASS COUNSEL TO SERVE SUBPOENAS IN FURTHERANCE OF CLASS CLAIMS

At the May 15, 2007 Status Conference in this case, the Court directed Class

Counsel to seek to provide additional information concerning the settlement of this action

to Consumer Class Members. The Court expressed its sensitivity to the unique social and

economic aspects attendant to disclosure of HIV/AIDS status, and acknowledged the existence of statutes and regulations that limit the disclosure of the identity of HIV/AIDS victims, but determined that the rate of consumer claims submissions to date compelled that additional attempts to provide settlement information be made.

Class Counsel advised the Court that in *In re Relafen*, Master File No. 01-CV-12239-WGY (D. Mass), Judge Young ordered plaintiffs to issue subpoenas to retail and mail order pharmacies to provide contact information for consumer purchasers of Relafen to Complete Claims Solutions, Inc ("CCS"), which the Court has also appointed as the claims administrator in that case.

The Court, having reviewed Plaintiffs' Motion for Order Requiring Class Counsel to Serve Subpoenas in Furtherance of Class Claims, hereby orders as follows:

1. The distribution of settlement funds to Consumer Class Members may be facilitated by disseminating claims information directly to Consumer Class Members. The pharmacies that provided Serostim to Consumer Class members are a likely source of the names, last known addresses, and amounts paid for Serostim by Consumer Class members, and that having this information will facilitate the distribtution of settlement funds to Consumer Class Members. Therefore, the Court orders Class Counsel, pursuant to 45 C.F.R. § 164.512(e)(1), to serve subpoenas issued by this Court on certain pharmacies that filled the largest Serostim prescriptions during the Class Period

2. The names and addresses of the Consumer Class members constitute Protected Health Information within the meaning of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d et seq., and regulations adopted pursuant thereto. *See* 45 C.F.R. § 164.501 et seq. HIPAA protects the

confidentiality of Protected Health Information, but provides mechanisms for disclosure of such information when necessary and if sufficiently protected from improper use. 45 C.F.R. § 164.502(a). In particular, the HIPAA regulations allow for release of information if the request is made through or pursuant to a court order. *See* 45 C.F.R. § 164.512(e)(1)(i).

3.  A subpoena may be used to compel the disclosure of Protected Health Information so long as a "qualified protective order" is in place which prohibits the use or disclosure of the information outside the litigation and requires the return or destruction of the information at the end of the litigation. *See* 45 C.F.R. § 164.512(e)(I)(ii); *Northwestern Memorial Hosp.* v. *Ashcroft*, 362 F.3d 923, 925 (7th Cir. 2004).

4.  In recognition of the privacy interests of Consumer Class Members, and the interest of effectively distributing settlement funds to Consumer Class Members, and in the exercise of its authority under 45 C.F.R. § 164.512(e)(1), the Court imposes the following conditions on the production and use of information by the pharmacy subpoena recipients and CCS:

*Pharmacies:*

a.  The subpoenas shall be returnable directly to CCS, and the documents, data, or other information produced pursuant to the subpoenas shall be provided only to CCS;

b.  The pharmacies' disclosure shall be limited to the names, last known addresses, and amounts paid (net of insurance reimbursement) by purchasers of Serostim.

*CCS:*

    a. CCS shall obtain only the names, last known addresses, and amount paid (net of insurance reimbursement) by purchasers of Serostim;

    b. CCS shall use the names, addresses and payment information obtained through this effort only for the purpose of administering the Settlement in this litigation, and not for any other purpose;

    c. CCS shall hold the information in the strictest confidence and shall not release the information to any other person;

    d. CCS shall ensure that a limited number of its personnel will have access to this information, and each such person shall personally execute a confidentiality pledge safeguarding the information obtained pursuant to the subpoenas;

    e. CCS shall maintain the information obtained on a computer that is not accessible via the Internet or any wireless device;

    f. CCS shall maintain professional liability insurance in the amount of $10 million,, which the Court has been informed is currently in place.

    g. CCS shall maintain the information received pursuant to this effort until the claims process is completed. At the end of the claims period,, the Claims Administrator shall destroy any and all originals and copies of the information obtained through this Order, including any and all electronic and hard copies, and shall ensure that any employees or Business Associates do the same.

h.  CCS and its employees shall be subject to the jurisdiction of the Court regarding their responsibilities under this motion.[4]

5.  Class Counsel is hereby required to serve subpoenas issued by this Court on the following pharmacies: CVS Procare; Statscript; Bioscrip Pharmacy; CommCare Pharmacy; Merck Medco Health Solutions; Priority Pharmacy; Walgreens; Stadtlander; Beverly Hills Pharmacy; Discount Medical Pharmacy; and Caremark. These subpoenas are strictly limited and designed only to obtain access to electronic files of the names and addresses of any purchasers of Serostim as well as information concerning the consumer's expenditures (net of any amount paid for or on behalf of the consumer by insurance or some other source) during the Class Period.

6.  In recognition of the exigencies presented by this effort, Class Counsel shall bring to the Court's immediate attention any objection or challenge to compliance with any of the subpoenas issued pursuant to the Court's order.

7.  The parties are directed to provide the Court with the status of the subpoena efforts outlined herein at the status hearing presently scheduled for June 19, 2007.

SO ORDERED this 21 day of May, 2007

_____
Patti B. Saris
United States District Judge

---

[4] Both the Claims Administrator and any mail house which CCS may use will also be bound to the HIPAA requirements pursuant to a "Business Associates" agreement as provided for in the rule. *See* 45 C.F.R. § 164.504(e).

5